UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID H. CARR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:13-cv-1298-JMS-TAB |
| ) | |
| DR. MICHAEL MITCHEFF, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Insufficient
Claims and Directing Further Proceedings**

Because David Carr is a Aprisoner@ as defined by 28 U.S.C. ' 1915(h), the court has screened his complaint as required by 28 U.S.C. ' 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007).

Carr's claim is that he was denied constitutionally adequate medical care while he was confined at the Wabash Valley Correctional Facility. He seeks compensatory and punitive damages.

The U.S. Supreme Court has interpreted the right to be free from cruel and unusual punishment imposes a duty on states to provide adequate medical care to prison inmates. *Johnson v. Snyder,* 444 F.3d 579, 584 (7th Cir. 2006)(citing *Johnson v. Doughty,* 433 F.3d 1001, 1010 (7th Cir. 2006). "Prison officials fail in this duty if they display deliberate indifference to serious medical needs of prisoners." *Id.* (internal quotations and citations omitted). A plaintiff claiming that his right to be free from cruel and unusual punishment was deprived in violation of

the Eighth Amendment must demonstrate (1) an objectively serious medical condition and (2) deliberate indifference by the defendant to that condition. *Id.* (citing *Zentmyer v. Kendall County,* 220 F.3d 805, 810 (7th Cir. 2000)). In order to be deliberately indifferent to serious medical need in a cruel and unusual punishment claim under Eighth Amendment, a plaintiff must demonstrate that a defendant "acted with a sufficiently culpable state of mind." *Johnson v. Snyder,* 444 F.3d at 585 (stating that deliberate indifference is a subjective standard and citing *Johnson v. Doughty,* 433 F.3d at 1010 and *Norfleet v. Webster,* 439 F.3d 392, 395–96 (7th Cir. 2006)). "Deliberate indifference is more than negligence and approaches intentional wrongdoing . . . [and] is essentially a criminal recklessness standard, that is, ignoring a known risk." *Id.* (citing cases). A corollary to the element of deliberate indifference is that a defendant can only be liable for the actions or omissions in which he personally participated. *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001). "Because vicarious liability is inapplicable to . . . [42 U.S.C.] ' 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Without such an allegation, there can be no recovery. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009)("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise . . . ."). A professional judgment does not violate the Constitution unless the judgment "'is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment.'" *Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011) (*quoting Sain v. Wood,* 512 F.3d 886, 894–95 (7th Cir. 2009).

Applying the foregoing standards to Carr's allegations, the court finds that the following claims must be dismissed as legally insufficient:

- The claims against Marla Gadberry, Kim Gray and Rose Vaisvillas are dismissed because Carr's allegations do not present a plausible claim of the personal responsibility of any of these defendants for the asserted deliberate indifference toward Carr's serious medical needs. It takes more than proximity to wrongdoing to support liability in a civil rights action. *Hessel v. O'Hearn*, 977 F.2d 299, 305 (7th Cir. 1992).

- The claim against Wabash Valley Superintendent Dick Brown is dismissed as legally insufficient because this defendant is not a medical provider and is not alleged to have had personal involvement in the treatment of Carr's conditions or the denial of tests or treatment for his conditions. *See Hayes v. Snyder,* 546 F.3d 516, 527 (7th Cir. 2008) (AThe policy supporting the presumption that non-medical officials are entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care is a sound one.@).

No final judgment shall issue at this time as to the claims dismissed in this Entry.

**The case shall proceed as to the deliberate indifference claims asserted against Dr. Jacques Leclerc, Dr. Mitcheff, Kim Hobson, and Lisa Wolfe.**

The clerk is designated pursuant to Fed. R. Civ. P. 4(c)(3) to issue and serve process on the remaining defendants in the manner specified by Fed. R. Civ. P. 4(d)(1). Process shall consist of the complaint, applicable forms and this Entry.

IT IS SO ORDERED.

Date: 01/24/2014

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID H. CARR
177630
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

Jacques Leclerc
Kim Hobson
Lisa Wolfe      each at:         WABASH VALLEY CORRECTIONAL FACILITY
                                 6908 S. Old US Hwy 41
                                 CARLISLE, IN 47838